(Reap. Dec. 8927)

EDWARD P. PAUL & CO. ET AL. *v.* UNITED STATES

Entry No. 805773, etc.

(Decided July 23, 1957)

*Barnes, Richardson & Colburn* for the plaintiffs.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

JOHNSON, Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto, subject to the approval of the Court, that the merchandise covered by the instant appeals for reappraisement, set forth in Schedule "A" hereto attached and made a part hereof, consists of chinaware imported from Germany.

IT IS FURTHER STIPULATED AND AGREED that the appeals for reappraisement listed in Schedule "A" are limited to the merchandise covered by invoices from Schumann & Schreider, and are abandoned in all other respects.

IT IS FURTHER STIPULATED AND AGREED that the market value or the price at the time of exportation of such merchandise to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal market of Germany, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States including the cost of packing, was the appraised value less the advance made by the importer on entry, because of additions by the Appraiser in similar cases.

That on or about the date of exportation such or similar merchandise was not freely offered for sale for home consumption in Germany.

IT IS FURTHER STIPULATED AND AGREED that the instant appeals for reappraisement be submitted on this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise covered by the invoices from Schumann & Schreider, and that such values were the appraised values, less the advances made by the importer on entry because of additions by the appraiser in similar cases.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed.

Judgment will be entered accordingly.